KAZEROUNI LAW GROUP, APC
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*
Gloria Rodriguez

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GLORIA RODRIGUEZ, Individually and on behalf of others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**UPSTART NETWORK, INC., LENDINGPOINT, LLC., and GOLDMAN SACHS & CO. LLC,**<br><br>Defendants. | **Case No:** '19CV1971 BEN KSC<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///

///

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Gloria Rodriguez ("Plaintiff"), through her attorneys, brings this class action complaint for damages and to enjoin the deceptive business practices of Upstart Network, Inc., ("Upstart") LendingPoint, LLC ("LendingPoint"), and Goldman Sachs & Co. LLC ("Goldman") (collectively referred to as "Defendants").

3. Specifically, Plaintiff brings this complaint, through her attorneys, for damages arising out of Defendants' systematic unauthorized credit pulls and reviews.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in the State of California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

9. Plaintiff is informed and believes, and thereon alleges, that Defendants acquired Plaintiff's credit information through an unauthorized account review of Plaintiff's "consumer report[s]" as that term is defined by 15 U.S.C. 1681a(d)(1).

## JURISDICTION & VENUE

10. Jurisdiction of this Court proper pursuant to 28 U.S.C. § 1331.

11. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

12. Because Upstart Network, Inc. is a California Corporation that conducts business within the State of California, personal jurisdiction is established.

13. LendingPoint, LLC is authorized to and regularly conducts business in the State of California, and thus, personal jurisdiction is established.

14. Goldman Sachs Group, Inc. is authorized to and regularly conducts business in the State of California, and thus, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES & VENUE

16. Plaintiff is a natural person who resides in County of San Diego, State of California, whose credit report(s) were affected by at least one unauthorized account review by each Defendant. In addition, Plaintiff is a "consumer[s]" as that term is defined by 15 U.S.C. § 1681a(c).

17. Defendant Upstart is a Delaware corporation with its headquarters located in San Carlos, California. Upstart regularly and is authorized to conduct business in the State of California.

18. Defendant LendingPoint is a Delaware limited liability company located in Kennesaw, Georgia. LendingPoint regularly and is authorized to conduct business in the State of California.

19. Defendant Goldman Sachs is a New York limited liability company located in New York, New York. Goldman Sachs regularly and is authorized to conduct business in the State of California.

20. Because Defendants are a partnership, corporation, association, or other entity, they are therefore "person[s]" as that term is defined by 15 U.S.C. § 1681a(b).

21. Plaintiff alleges Defendants are credit furnishers subject to the FCRA because Defendants furnish information to the credit reporting agencies and regularly pull and review credit reports.

22. The cause of action herein pertains to Plaintiff's "consumer report" as that term is defined by 15 U.S.C § 1681(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## STATUTORY BACKGROUND

23. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

24. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

25. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

26. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

27. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

28. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

29. Under the FCRA, companies are permitted to pull their customers credit reports as account review inquiries if the customer has an account with that company.

30. At no point prior to or after October 16, 2018, did Plaintiff have an account with any of the named Defendants.

31. At no point prior to or after October 16, 2018, did Plaintiff inquire about Defendants' services.

32. Plaintiff was not an accountholder of any of the Defendants.

33. Nonetheless, on October 16, 2018, all three Defendants simultaneously reviewed Plaintiff's Trans Union credit report without a permissible purpose.

34. Despite the fact that Plaintiff did not have an account with any of the Defendants, they all at the same time pulled Plaintiff's credit report without her authorization or permission as alleged account review inquiries.

35. Upon review of Plaintiff's Trans Union credit report dated March 28, 2019, Plaintiff and her attorney discovered Defendants' multiple unauthorized credit inquiries on October 16, 2018.

36. Each of Defendants' inquiries were unauthorized and illegal. Plaintiff had never had any accounts with any of the Defendants. Plaintiff did not seek out nor inquire about Defendants' services or credit extensions. Therefore, their concurrent inquiries were not promotional.

37. Further, Plaintiff did not have an account with Defendants and thus, Defendants had no reason to review Plaintiff's credit report or collect on a debt.

38. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

39. Defendants' inquiries for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access

included in 15 U.S.C. § 1681b.

40. Defendants accessed Plaintiff's private and confidential information without Plaintiff's consent or a permissible purpose.  Much like trespassing on real property, an invasion of privacy may not cause monetary damages, but it is an invasion none the less.  Privacy is a long-protected right in the United States and Plaintiff has suffered concrete harm resulting from Defendants' willful invasion of privacy.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of herslef and on behalf of all others similarly situated (the "Class").

42. Plaintiff represents, and is a member of the Class, consisting of:

> All persons with an address within the United States whose consumer credit report was obtained by Upstart, Goldman Sachs, and/or LendingPoint as an account review inquiry within the past five (5) years from any of the three major credit reporting agencies (Transunion, Equifax, and Experian), where the consumer did not have an account with either Upstart, Goldman Sachs, and/or LendingPoint.

43. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

45. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents,

engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 *et seq.* Plaintiff and the Class members were damaged thereby.

46. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

47. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the five years prior to the filing of this Complaint, Defendants or its agents submitted any consumer credit report inquiries without the consent of members of the Class;
   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;
   c. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendants' conduct;
   d. Whether Plaintiff and the Class members are entitled to injunctive relief;
   e. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;
   f. Whether Plaintiff will fairly and adequately protect the interest of the

Class; and,

    g. Whether Plaintiff's counsel will fairly and adequately protect the interest of the Class.

49. As a person that suffered an unauthorized consumer credit report inquiry by Defendants on her credit report(s), Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

50. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

51. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FCRA.

52. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with state and federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

53. Defendants has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

# CAUSE OF ACTION

## THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1692x (FCRA)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

56. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to statutory damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

57. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Finding Plaintiff is the proper Class representative; and
- Appointing Plaintiff's Counsel as Class Counsel;
- Special, general, compensatory and punitive damages;
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and,
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

57. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and the Class are entitled to, and demand, a trial by jury.

Dated: October 11, 2019

**Kazerouni Law Group, APC**

By: *s/ Yana A. Hart*
Yana A. Hart, Esq.
yana@kazlg.com
Attorneys for Plaintiff